**FILED**
**May 14, 2019**
**09:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| David Sevinsky, | ) | Docket No.: 2018-04-0350 |
|     **Employee,** | ) | |
| v. | ) | |
| | ) | |
| Tridens Builders, LLC, | ) | State File No.: 91341-2018 |
|     **Employer,** | ) | |
| And | ) | |
| | ) | |
| Technology Ins. Co., | ) | Judge Robert Durham |
|     **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER AWARDING PAST TEMPORARY DISABILITY BENEFITS

---

This case came before the Court for an Expedited Hearing on May 2, 2019. The issues are whether Mr. Sevinsky is likely to prove entitlement to additional temporary disability benefits as well as attorney's fees, and whether the matter is appropriate for penalty review.[1] The Court holds Mr. Sevinsky is entitled at this stage to more temporary disability benefits although not in the requested amount. In addition, the Court has insufficient information to award attorney's fees at this time. Finally, Tridens and its insurance carrier's conduct warrants penalty consideration.

### History of Claim

The evidence is essentially undisputed. Mr. Sevinsky, age twenty-eight, worked as project manager and heavy equipment operator for Tridens. On Thursday, November 8, 2018,[2] he was cutting and carrying sections of wrought iron pipe for a water-line when

---

[1] Before the hearing, Tridens agreed to authorize treatment from Dr. Tarek Elalayli and pay all past out-of-pocket expenses for reasonable and necessary treatment of Mr. Sevinsky's low-back pain. Tridens also agreed to pay temporary disability benefits from March 25, 2019, which was when Dr. Elalayli took Mr. Sevinsky off work until he had an MRI. The parties agreed to an average weekly wage of $662.11.

[2] On cross-examination, Mr. Sevinsky acknowledged that various medical records list slightly different

1

he felt sudden pain down his back and into his leg. Although he kept working, he stopped cutting pipe. He testified that he had never experienced problems with his back before November 8. The next day, he told his supervisor, Justin Heck, that his back hurt, although he didn't tell him how the injury occurred.[3]

Over the weekend, Mr. Sevinsky rested, but on Monday morning his back pain was so severe he could not get out of bed. He called Mr. Heck and reported he suffered a work injury the previous Thursday. Mr. Heck replied that, since he did not report it on Thursday, workers' compensation insurance would not cover it. Thus, Tridens would "self-pay" the medical expenses, and they would consider it a "learning experience." Tridens directed Mr. Sevinsky to Midtown Healthcare, where he received treatment on November 14.

At Midtown, Mr. Sevinsky saw Nurse Practitioner Chad James. He told N.P. James that he hurt his back "handling heavy steel at work," which caused back pain radiating into his leg. N.P. James diagnosed a low-back strain and muscle spasm. He prescribed medication and told Mr. Sevinsky he could go back to work if his symptoms did not worsen.

However, Mr. Sevinsky testified his symptoms did worsen. This resulted in a trip to the emergency room the next day due to severe back pain radiating into both legs. He underwent a CT scan, which revealed broad-based disc bulges in his low back. Although Mr. Sevinsky testified that providers told him to rest and see a specialist, the records do not contain these recommendations.

In any event, Mr. Sevinsky did not return to work. He testified he had several conversations and text exchanges with Mr. Heck and Kyle Knight, Tridens' H.R. manager, about additional medical care and disability benefits, but his requests were to no avail. At some point, Tridens offered him work sitting in a truck counting truckloads, but he believed it to be a one-time assignment, and he did not feel he could sit in one position for that long, so he declined.

On November 28, Mr. Sevinsky filed a Petition for Benefit Determination. Tridens then stated it filed a claim with its carrier, Technology Insurance. On November 30, Mr. Sevinsky received a letter from Technology informing him that it received notice of his claim. However, he testified that Technology never provided any benefits.

---

dates for the injury, and that he once called his supervisor to ask when the injury occurred. He testified that, while he was not sure of the actual date when he reported it to the medical providers, he knew that it was Thursday of that week.

[3] Mr. Sevinsky admitted on cross-examination that the statement in his affidavit that he told Mr. Heck about his injury on the day it occurred was incorrect.

2

On December 6, Mr. Sevinsky returned to the emergency room with continued complaints. The next day, he went on his own to see N.P. Jennefer Dixon at Carthage Family Wellness. N.P. Dixon, who is supervised by Dr. Richard Rutherford, placed Mr. Sevinsky under restrictions of no lifting more than ten pounds for six weeks. Mr. Sevinsky took the restrictions to Tridens and spoke with Mr. Knight and Lauren Beth Heck, the office manager. . He testified they told him that since the restrictions were not written by an authorized provider, they could not honor them, nor could they return him to work. However, they provided him with their own panel of back specialists from which to choose an authorized physician.

Mr. Sevinsky immediately tried to set an appointment with Dr. Tarek Elalayli, one of the doctors on the list, but was told Technology must schedule it. However, after several weeks and multiple attempts to communicate with the adjuster, Technology never authorized a visit. So, with his attorney's help, Mr. Sevinsky finally scheduled a visit with Dr. Elalayli for March 25, 2019.

Dr. Elalayli determined that, based on his examination and Mr. Sevinsky's history, Mr. Sevinsky likely suffers from a disc herniation due to an injury at work. He recommended an MRI and took Mr. Sevinsky off work until it could be performed. Mr. Sevinsky testified that Technology received this report, but it did not authorize further visits with Dr. Elalayli until the day before the hearing.

Mr. Sevinsky also testified that he has not worked since November 8, 2018. He stated that sitting in one position, as well as the jostling and bouncing involved in using heavy equipment, would have been impossible to endure. In addition, his job required regular physical labor that would have exceeded his restrictions.

Mr. Sevinsky also introduced Dr. Rutherford's affidavit, in which he gave his opinion that Mr. Sevinsky suffers from a "herniated lumbar disc, lumbar back pain with radiculopathy affecting his left leg, and left foot drop." He concurred with N.P. Dixon's lifting restriction and recommendation that Mr. Sevinsky contact Tridens or Technology for a specialist referral. Finally, Mr. Sevinsky's counsel, Greg Groth, presented an itemization stating that he spent 21.75 hours representing him up to the expedited hearing.

### Findings of Fact and Conclusions of Law

Mr. Sevinsky does not have to prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

3

Given Tridens' concessions, the only issue concerning benefits is whether Mr. Sevinsky is entitled to temporary disability benefits from November 12, 2018, to March 24, 2019. To receive these benefits, Mr. Sevinsky must show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Here, Mr. Sevinsky testified that the emergency room providers took him off work on November 15. However, he did not provide any medical proof to that effect. These emergency room records do not mention work status. Except in the most obvious cases, expert medical opinion is required to establish the elements above. *See Young v. Young Elec. Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 41, at *13 (Sept. 14, 2016). Thus, the Court holds Mr. Sevinsky has not established entitlement to temporary total disability benefits before December 10, 2018.

However, Mr. Sevinsky did provide sufficient evidence to show he is likely to prove temporary partial disability from December 10, 2018, through January 18, 2019. Dr. Rutherford's affidavit confirmed that on December 10, N.P. Dixon placed Mr. Sevinsky under a ten-pound lifting restriction for six weeks due to low back pain and radiculopathy. He agreed with the restriction.

As to causation, Dr. Rutherford confirmed his office's instructions that Mr. Sevinsky contact his "workers' compensation carrier and/or employer" to schedule an appointment with a specialist. In addition, Dr. Elalayli's record stated that Mr. Sevinsky's back pain and radiculopathy were "likely" due to a lumbar disc herniation caused by an injury at work. When this evidence is combined with Mr. Sevinsky's testimony, the Court holds it is sufficient to establish the likelihood that Mr. Sevinsky will be able to prove causation at trial.

Finally, Mr. Sevinsky's undisputed testimony is that he took his restriction to his supervisors, and they said they could not return him to work under unauthorized restrictions. The Court therefore holds that Mr. Sevinsky has established he is likely to prove entitlement to temporary partial disability benefits from December 10, 2018, through January 18, 2019.

The next issue is Mr. Sevinsky's request for attorney's fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B). The Court cannot award fees at this time. While Mr. Groth submitted an itemization of the time pursuing benefits for Mr. Sevinsky, it was not accompanied by an affidavit attesting to the reasonableness and necessity of the time or differentiating between Mr. Groth's time and that of his staff. Further, he did not include a sworn statement as to his hourly fee or the reasonableness of his fee given Mr. Groth's expertise and experience and the fees normally charged by attorneys within

4

the community. Thus, the Court defers any award of attorney's fees until this information is properly before it.

Finally, Mr. Sevinsky requests a penalty assessment. Given Tridens' and its carrier's apparent failure to meet their obligations under section 50-6-204, the Court finds the request well-taken and refers this matter to the Compliance Unit for investigation.

IT IS, THEREFORE, ORDERED that:

1. Tridens shall pay to Mr. Sevinsky past temporary partial disability benefits in the amount of $3,972.66.

2. Mr. Sevinsky's request for attorney's fees is denied at this time.

3. This claim shall be referred to the Compliance Unit for investigation and determination as to whether a penalty is appropriate.

4. This matter is set for a Scheduling Hearing on July 9, 2019, at 9:00 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED MAY 14, 2019.**

Robert V. Durham, Judge
Court of Workers' Compensation Claims

## APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Pre-Hearing Memorandum
5. Employer's Pre-Hearing Memorandum

Exhibits

1. Dr. Rutherford's affidavit
2. Mr. Sevinsky's affidavit
3. Dr. Elalayli's records
4. Mr. Groth's itemization
5. Choice of Physician Form
6. N.P. Dixon's Return to Work form
7. Wage Statement
8. List of doctors provided by Tridens
9. Letter from Technology Insurance to Mr. Sevinsky
10. Emergency room records
11. Records from Mid-Town Clinic
12. Phone message documentation from Mid-Town Clinic (For I.D. only)
13. Various texts and emails between the parties (For I.D. only)

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent to the following recipients by these methods of service on May 14, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Greg Groth | | | X | greg@greggrothlaw.com |
| Fred Baker | | | X | Fbaker@wimberlylawson.com |
| Compliance Unit | | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

<u>Notice</u>

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

<u>Statement of the Issues</u>

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

<u>Additional Information</u>
**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

<u>List of Parties</u>
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries      $ _____ per month      Telephone    $ _____ per month

Electricity    $ _____ per month      School Supplies $ _____ per month

Water          $ _____ per month      Clothing     $ _____ per month

Gas            $ _____ per month      Child Care   $ _____ per month

Transportation $ _____ per month      Child Support $ _____ per month

Car            $_____ per month

Other          $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

Amount Owed                  To Whom

_____       _____

_____       _____

_____       _____

_____       _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                          RDA 11082